The Chancellor.
The complainant filed her bill in this court for an injunction to stay a sale of real estate, and therein states, that her son, Miller N. Everly, on the twelfth of June, eighteen hundred and thirty-nine, made his bond and mortgage to the defendant, on certain premises in Camden, to secure the payment of eleven hundred dollars.
That in April, eighteen hundred and forty-two, Thomas Diehl and Cecelia Hampton, claiming title to the said mortgaged premises, brought an action of ejectment, to recover the *554 possession thereof, in the circuit court of the county of Gloucester. That on the tenth of July, eighteen hundred and forty-two, the defendant, Rice, filed his bill in the court, upon the-said bond and mortgage, for foreclosure and sale of the mortgaged premises.
That on the tenth of August, eighteen hundred and forty-two, Miller N. Everly contracted with the complainant in this suit, to sell to her, all his right and interest in the said premises and on the fifth of November following actually conveyed the-same to her by deed.
That on the twelfth of August, eighteen hundred and forty-two, after the contract for the conveyance of the interest of the said Miller N. Everly to the complainant, and before the actual-conveyance of the same, the complainant, fearing a loss from the sale of the mortgaged premises, under a decree of sale, pending the said action of ejectment, by her attorney in fact, Miller N. Everly, proposed to the attorney at law of Rice, that, if he, Rice, would stay the proceeding upon the suit then pending in this court, on the bond and mortgage, until after the trial of the said action of ejectment, she would execute to him her bond and warrant of attorney to confess judgment for eleven hundred dollars, to be entered up against her in Philadelphia, as collateral security for the payment of the mortgage money. That this proposition was accepted, and the bond and warrant of' attorney executed and the judgment entered up.
That before the trial of the action of ejectment, the defendant, in violation of the agreement, proceeded in his suit in this court, obtained a decree of sale at the October term, eighteen hundred and forty-three, and sued out an execution, and was proceeding to sell the said mortgaged premises on the twenty-seventh of' January last, to the irreparable injury of the complainant.
Upon this bill an injunction was granted on the twenty-fourth of January, eighteen hundred and forty-four, to stay the sale.
The defendant has filed his answer, and now moves at the sarliest day to dissolve the injunction.
*555 If the allegation in the bill be true, the injunction was properly granted, and must be continued.
To entitle the defendant to an order for dissolution, he must deny the whole equity of the billon which the injunction is-based; he must answer directly and without evasion, and must-not merely answer the several charges literally, but he must traverse the substance of each charge. Where there are particular charges, they must be answered particularly and precisely, and not in a general manner, though the general answer may amount to a full denial of the charges: Mitford on Pleading, 250; 2 Eq. Ca. Ab. 67. See Ca. in Chan., 53.
The complainant’s equity rests upon two grounds.
Eirst, her equitable interest in the premises, by virtue of the-contract for sale to her.
And secondly, the agreement, upon an adequate consideration, to stay the proceedings in chancery ; which was obligatory upon the defendant, although made by his attorney.
Does the defendant fully, particularly and substantially deny these allegations ?
To the first he answers, that he has no knowledge of any such contract of conveyance, nor does he admit that any such contract ever existed ; that the said Miller N. Everly now claims the rents, and that if the complainant has any such deed of conveyance it is fraudulent and void, and in violation of the bankrupt law, and does not give any title to the complainant, to come into this court to stay proceedings.
Now here is a distinct allegation in the bill, upon which the complainant’s equity is partly founded, not directly denied by the answer.
It is possible that the defendant may overcome this, by such a denial of the other allegation, as to show that whatever interest the complainant may have had in the premises, she can have no equity as against him.
The important inquiry, then, is upon the second point.
To this part of the bill the defendant answers, that various propositions were made by Miller N. Everly to himself and to *556 his attorney, and among others to give his mother’s, the complainant’s, bond and warrant of attorney to confess judgment for eleven hundred dollars, as collateral security for the mortgage money, upon condition that he would release the personal property of Miller N. Everly from sale upon an execution issued upon a judgment at law upon his bond to Rice. That the bond and warrant of attorney was executed, and judgment entered upon it, as he is informed and believes, with a stay of execution for one year, but no written agreement was entered into or signed by this defendant; and he is informed and believes that no agreement was signed by his attorney, except a release of the personal property of the said Miller N, Everly. That he never saw the complainant, nor made any agreement with her ; and that he believes his attorney never saw her. That he understood that Miller N. Everly produced the bond and warrant of attorney, and that the judgment was entered up as collateral security, if he failed to make his mortgage money in New-Jersey ; and that he was to proceed with his suit of foreclosure and sale, according to the regular practice of this court.
This answer is manifestly indirect and evasive. It may all be true, and yet no allegation of the bill denied. It may be true that no written agreement was signed either by the defendant or his attorney, and yet an agreement made precisely as stated in the bill. He may never have seen Mrs. Everly, and yet an agreement may have been made between the attornies. A contract, as stated, may have been made, and yet the defendant have been informed and made to believe otherwise.
The defendant further denies, that any such agreement was made, or that the complainant or Miller N. Everly has produced, or can produce, any such agreement or deed.
In common charity it is to be presumed that this general denial relates to a written agreement or deed, which is not alleged in the bill, or else that it is predicated of the defendants information and belief, which is not sufficient.
The defendant must answer upon his own knowledge, and *557 not upon information and belief, otherwise the injunction must be retained till the final hearing.
In Roberts v. Anderson, 2 John. Chan. 204, where fraud was alleged between other persons than the parties in the bill, and the defendants denied any knowledge or belief of the fraud, chancellor Kent said, “ It is true the defendants may have given all the denial in their power, but fraud may exist notwithstanding ; and consistently with their ignorance and the sincerity of their belief. The case does not fall within the reason of the general rule, that the injunction is to be dissolved when an answer comes ki and denies all the equity of the bill.”
The same rule was recognized in Ward v. Van Bokkelen, 1 Paige, 100; and in Kinnaman v. Henry, decided in this court in eighteen hundred and seventeen, chancellor Williamson said, “ I do not consider the fraud in this case as sufficiently denied, to entitle the defendants to a dissolution of the injunction, upon the ground of the whole equity of the bill being denied. The defendants are not charged as being parties or privies to the fraud, and therefore it is impossible in the nature of things, if they were not privy to it, that they should be able positively to deny the fraud. All they could do, or which they have done, is to deny all knowledge or belief of the alleged fraud. Tlr answer may be perfectly true, and yet Johnson the mortgagor, guilty of the fraud imputed to him, and the complainant entitled to relief against these defendants. Such an answer is not a sufficient denial of the complainants equity to entitle the defendants to a dissolution of the injunction.”
Upon principle, as well as upon authority, I feel constrained to recognize the same rule, and to refuse the motion to dissolve.
Cited in Irick v. Black, 2 C. E. Gr. 196; Holdridge v. Gwynne, 3 C. E. Gr. 32; Vreeland v. N. J. Stone Co., 10 C. E. Gr. 143.